### GAUMOND v. SPECTOR MOTOR SERVICE, Inc.

### No. 357.

District Court, D. Massachusetts.

June 18, 1940.

William S. Hershman, of Boston, Mass., for plaintiff.

Michael T. Prendergast, of Boston, Mass., for defendant.

FORD, District Judge.

This is a motion for answers to plaintiff's further interrogatories, seeking evidence concerning ownership and control of the motor vehicle that caused the plaintiff's injury, particulars of the accident, and matters set up in the answer of the defendant.

Evidently this court allowed the plaintiff, under Rule 33, Rules of Civil Procedure for District Courts, 28 U.S.C.A. following section 723c, to file a further set of interrogatories because of the insufficiency of the defendant's answers to the first set filed by the plaintiff. The interrogatories relate to matters which are relevant to the subject-matter in the present suit and are inquiries concerning evidentiary facts relating to the claims and offenses of the parties. They should be answered directly and without evasion in accordance with the information that the defendant, after due inquiry, possesses. To order otherwise in the instant case would violate the reason for the existence of Rules 26(b) and 33 of the Federal Rules of Civil Procedure which is to simplify the issues for the trial. See Nichols et al. v. Sanborn Co., D.C., 24 F.Supp. 908.

In view of the court order allowing further interrogatories and the inadequate and evasive character of the defendant's answers already filed to the plaintiff's further interrogatories, these answers are stricken and the defendant is ordered to make proper and direct answers of the evidentiary facts sought in further interrogatories numbered 3, 4, 5, 6, 7, 8, 9, 12(a) and (b), 13(a) and (b), 14, 15(a) and (b),

17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 30 and 33. Interrogatories numbered 10 and 16 need not be answered. If the documents or papers described in these interrogatories are found to be in existence after proper answers by the defendant to other interrogatories, the plaintiff can proceed to inspect such documents under Rule 34.

There will be no hardship imposed if the defendant is compelled to restate a few evidentiary facts meagerly set out in previous answers.

Answers are to be filed within thirty days.