**TERRELL v. STANDARD OIL CO. OF NEW JERSEY.**

Civil Action No. 4117.

District Court, E. D. Pennsylvania.

Dec. 17, 1945.

Freedman, Landy & Lorry, by Charles Lakatos, all of Philadelphia, Pa., for plaintiff.

Rawle & Henderson, by Joseph W. Henderson, all of Philadelphia, Pa., for defendant.

KALODNER, District Judge.

This is a seaman's action under the Jones Act, 46 U.S.C.A. § 688, to recover for damages, wages, maintenance and cure, arising out of injuries sustained by the plaintiff as a result of the alleged negligence of the defendant, owner and operator of a vessel on which the plaintiff was a member of the crew.

The plaintiff has propounded a series of forty interrogatories to be answered by the defendant, pursuant to Rule 33, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. The defendant has objected, in general, on the ground that the interrogatories are burdensome and vexatious. It has also made several specific objections: To interrogatory number 23, as being irrelevant and beyond the scope of proper interrogatories, to number 37, also on the latter ground, and to numbers 38, 39 and 40 as requiring privileged information and hence outside Rule 33.

It is my opinion that the interrogatories should be allowed with the exception of numbers 23, 39 and 40. Insofar as interrogatory number 23 is concerned, the defendant appears to be willing to supply the information that it would otherwise find necessary to use in answering the question, which, in effect, calls for a collation of that information.

I do not regard interrogatory number 37 as being irrelevant, nor do I think it beyond the scope of Rule 33 since it calls merely for a copy and not for the original document. See Hickman v. Taylor and Anderson et al., 3 Cir., 153 F.2d 212.

Interrogatory number 38 is not improper since it does not require a statement of privileged matters. It requires only a yes or no answer.

In view of the very recent decision in the Hickman case, supra, I will not require the defendant to answer interrogatories 39 and 40, since as put they refer to privileged matters. The Court should not be burdened with restating, for the propounder, interrogatories which in part require privileged and in part unprivileged information.

To avoid further controversy with respect to interrogatory 39, it should be pointed out, as I held in Eiseman v. Pennsylvania R. Co., 3 F.R.D. 338, at page 339, that "the statements of the defendant's employees making reports as to the accident and submitted in the usual course of business following the accident are subject to the inspection of the plaintiff."

Accordingly, an order may be entered, and the defendant will answer the interrogatories except as relieved therefrom in the above opinion.