### DUGGER v. BALTIMORE & O. R. CO.
Civil Action No. 6682.

District Court, E. D. New York.
May 3, 1946.

Blank & Convisser, of Brooklyn, N. Y. (William A. Blank, of Brooklyn, N. Y., of counsel), for plaintiff.

Robert Schwebel, of New York City, for defendant.

MOSCOWITZ, District Judge.

A hearing has been had with respect to exceptions to interrogatories No. 9 and No. 20, which read as follows:

"9. If the answer to question in interrogatory #8 is yes, then state from whom the defendant obtained written statements and annex true copies thereof."

"20. State whether plaintiff was examined by any doctors of the defendant or associated with the defendant, and if so, what are their names and addresses and also state whether any medical reports concerning plaintiff's injuries are in possession of the defendant or any of its agents, and if so, the names and addresses of the persons having custody of such medical reports."

Defendant makes two contentions. The first is that a regulation was promulgated by the General Counsel to the defendant which provides that all investigations conducted by the General Claim Agents of the Company shall be taken for the confidential use of the Law Department and that such investigations shall be made, such statements shall be taken, and all reports shall be made in order to enable the Law Department to determine questions of liability, to give advice, to prepare its defenses in cases of law suits or threatened suits and to act upon any and all claims which might arise against the defendant. The subject of this regulation is contained in the following letter:

"May 22, 1945

"Mr. P. C. Garrott
"Mr. E. L. Williams

"General Claim Agents
"Gentlemen:

"All investigations made by you or any of the Claim Agents under the authority of you or either of you, all statements taken from or made by any and all persons whether employees of The Baltimore and Ohio Railroad Company or not, relating to any accidents or damage to property, or other damages, and all reports made by any of your Claim Agents to you, whether such investigations were heretofore made or shall hereafter be made, shall be taken and held to be and to have been taken and made for the confidential use of the Law Department of The Baltimore and Ohio Railroad Company, and shall at all times be treated by you and all of your Claim Agents as confidential.

"All such investigations shall be made, such statements shall be taken and made, and all such reports shall be made in order to enable the Law Department to determine

questions of liability in the case of every such accident, in contemplation of possible or threatened litigation, in preparation for the defense of litigation either threatened, contemplated, or pending, and to enable the Law Department to give advice with respect to the settlements or defense of any and all claims that may arise against the Railroad Company as the result of such accident.

"Very truly yours,
"J. J. Cornwell
"General Counsel"

The second contention is that to comply with plaintiff's request to produce statements would violate the amendment to the Federal Employers' Liability Act, Title 45, United States Code Annotated, Section 60, which is as follows:

"Any contract, rule, regulation, or device whatsoever, the purpose, intent, or effect of which shall be to prevent employees of any common carrier from furnishing voluntarily information to a person in interest as to the facts incident to the injury or death of any employee, shall be void, and whoever, by threat, intimidation, order, rule, contract, regulation, or device whatsoever, shall attempt to prevent any person from furnishing voluntarily such information to a person in interest, or whoever discharges or otherwise disciplines or attempts to discipline any employee for furnishing voluntarily such information to a person in interest, shall, upon conviction thereof, be punished by a fine of not more than $1,000 or imprisoned for not more than one year, or by both such fine and imprisonment, for each offense: Provided, That nothing herein contained shall be construed to void any contract, rule, or regulation with respect to any information contained in the files of the carrier, or other privileged or confidential reports."

Defendant points out that this amendment on August 11, 1939, was subsequent to the adoption of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, which took effect on September 16, 1938.

The purpose of Title 45, United States Code Annotated Section 60 was to protect employees. The intention of the Congress was to see to it that an injured employee could readily obtain all the available information from witnesses, particularly employees of the railroad company. It was made a criminal offense for any one to attempt to prevent any person from voluntarily furnishing information concerning an accident to a person in interest. An injured employee would be one of such persons. Here the employee seeks all statements of witnesses in the possession of the railroad concerning his accident. The furnishing of same by the defendant will not violate Title 45, United States Code Annotated, Section 60.

The point made that the communications are confidential or privileged is likewise without weight. There is no privilege attached because the statements were taken by the attorney for the defendant or some one in his behalf. The matter of privilege was discussed by the district court sitting en banc in the case of Hickman v. Taylor, 4 F.R.D. 479. That case was reversed by the Circuit Court of Appeals, Third Circuit, 153 F.2d 212. It is clear that the ruling of the district court in Hickman v. Taylor, supra, is more in line with the policy of the Second Circuit.

Judge Inch in the case of Tague v. Delaware, Lackawanna & Western R. R. Co., 1946, 5 F.R.D. 337, dealing with the question of privilege, stated:

"The motion is granted. Such requests are largely in the discretion of the Court exercised in accordance with the new rules of civil procedure. I see nothing 'privileged' as to these reports and written statements. I do not mean by this to decide where oral statements by a client to his attorney is concerned. Nothing of that nature is here presented. These reports and statements may be useful to plaintiff. (Connecticut Imp. Co. v. Continental Distilling Corp., D.C., 1 F.R.D. 190)."

Defendant should answer interrogatory No. 9, also interrogatory No. 20.

Certainly if plaintiff was examined by the defendant's doctor, plaintiff is entitled to his name and address and a copy of any of his reports.

Settle order on notice.