## THE FROST VALLEY.

### CONNERS MARINE CO., Inc., v. PETTERSON LIGHTERAGE & TOWING CORPORATION.

No. 139–92.

District Court, S. D. New York.

July 22, 1946.

Purdy & Lamb, of New York City (Thomas J. Irving, of New York City, of counsel), for libelant.

Kirlin, Campbell, Hickox & Keating, of New York City, for respondent.

Foley & Martin, of New York City, for claimant-respondent impleaded.

KNOX, District Judge.

 Respondent's interrogatories, insofar as libelant's exceptions thereto are overruled, are clearly designed to obtain evidence in support of respondent's answer. According to the judicial interpretation of Admiralty Rule 31, 28 U.S.C.A. following section 723, they may properly serve this purpose. Admiralty Rule 31 is identical with, and should receive the same broad interpretation that has been accorded Rule 33 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

For this reason, if libelant can furnish the information sought by the following interrogatories, it should do so—2(b), 3, 4, 5, 6, 7, 8, 9(b), 12, 13, 14, 15, 16. Exceptions to interrogatories 9(a) and 10 are sustained. Interrogatory 11 will be reframed so as to read: "State (a) whether libelant gave notice to any party or parties whom it claims damaged the Frost Valley; if so (b) when was such notice given, and (c) whether it was oral or in writing?"