662

## JONES v. PENNSYLVANIA R. CO.
### No. 47 C 1226.

District Court, N. D. Illinois, E. D.
Nov. 18, 1947.

Robert K. Corkhill, of Chicago, Ill., and Richter, Lord & Farage, of Philadelphia, Pa., for plaintiff.

Theodore Schmidt and P. J. Cronin, both of Chicago, Ill., for defendant.

LaBUY, District Judge.

Defendant has filed objections to Interrogatories 2, 3, 4, 5, 8, 9, 10, 13, 14, 23 and 24 propounded by the plaintiff pursuant to Rule 33, Federal Rules of Civil

Procedure, 28 U.S.C.A. following section 723c.

■ Interrogatory 2 inquires whether plaintiff's statement taken by defendant contains facts concerning the manner, place, time or cause of accident and injuries to the plaintiff and if so to attach copy of such statement to its answer. Defendant has objected to so much of the interrogatory as requires the production of plaintiff's statement. Rule 33 makes no provision for furnishing copies of statements, documents or reports and defendant is not obliged to furnish the copy requested by plaintiff. Defendant's objection to that portion of Interrogatory 2 is sustained.

■ Interrogatories 3 and 4 inquire whether any records ordinarily are required by it in connection with an accident, nature of such reports, what persons ordinarily took them; whether reports in this case were obtained by defendant in the same manner as in the past and if not how the practice differed. Defendant objects on the ground they elicit information as to defendant's past practices and that the information is not material to the issues. The requested information is not material or germane to the issues of the present cause of action and defendant's objection to Interrogatories 3 and 4 are sustained.

■ Interrogatory 5 inquires whether defendant has any medical reports or X-ray reports on plaintiff's injury, indicate names of company doctors, if any, dates and places of treatment and nature of treatment, and to attach copies of such reports. Plaintiff is entitled to this information but defendant is not obliged to comply with the request for copies thereof, and its objection to that portion of the interrogatory is sustained.

■ Interrogatory 8 requests the names of persons from whom statements were obtained, name of person taking the statement, date thereof, whether such statements contain facts concerning plaintiff's accident and injury; Interrogatory 9 requests copies of such statements; and Interrogatory 10 requests that if statements were made orally to defendant to write a summary thereof. Plaintiff is entitled to the information requested under Interroga-

tory 8 and defendant's objection thereto is overruled. Defendant's objection to Interrogatory 9 is sustained for reasons stated previously regarding production of copies of statements under Rule 33. Defendant's objection to Interrogatory 10 is also sustained. The demand for written statements made orally to defendant is not for the production of a statement but for the formulation of one by the person to whom a statement was made. Even if the recollection of the person who is asked to summarize is perfect, the statement would not be that of the witness.

■ Interrogatory 13 asks that defendant state whether statements were taken from any other persons than those indicated in previous interrogatories concerning the manner, place, time or cause of accident or nature and extent of injuries sustained by plaintiff, or who have in their possession evidence material or relevant to the case. Defendant objects stating that it cannot know whether such evidence is material or relevant at this time, and this objection is sustained to that portion of the interrogatory. Defendant's objection to the first portion of Interrogatory 13 is overruled.

■ Interrogatory 14 requests information whether plaintiff's work was governed by any rule promulgated by the company and in effect at the time of the accident, and if so to attach copies of all rules pertaining thereto. Defendant's objection is overruled except as to that portion of the interrogatory requiring copies.

■ Interrogatories 23 and 24 request information as to how many days plaintiff was absent from work in the year of his accident, whether records indicate the reason for any absences, whether defendant caused plaintiff to submit to a medical examination prior to being hired and at intervals, name of examining physician and nature of findings on those occasions and to attach reports of such medical examinations. Defendant's objection to these interrogatories are sustained as requiring detailed and exhaustive search in order to procure the necessary information.

Considerable discussion has been indulged in by plaintiff's counsel regarding the pro-

priety of requesting copies of statements and reports in connection with simple interrogatories under Rule 33. It is important to note that in Justice Jackson's concurring opinion in Hickman v. Taylor, 329 U.S. 495, 519, 67 S.Ct. 385, 397, he discussed the question of production of such statements as follows: "The question remains as to signed statements or those written by witnesses. Such statements are not evidence for the defendant. Palmer v. Hoffman, 318 U.S. 109, 63 S.Ct. 477, [87 L.Ed. 645, 144 A.L.R. 719]. Nor should I think they ordinarily could be evidence for the plaintiff. But such a statement might be useful for impeachment of the witness who signed it, if he is called and if he departs from the statement. There might be circumstances, too, where impossibility or difficulty of access to the witness or his refusal to respond to requests for information or other facts would show that the interests of justice require that such statements be made available. Production of such statements are governed by Rule 34 and on 'showing good cause therefor' the court may order their inspection, copying or photographing. No such application has here been made; the demand is made on the basis of right, not on showing of cause."

Nor does it appear that the Supreme Court intended to so abrogate Rule 34 as to allow production of copies under Rule 33 however pertinent the interrogatory may be.

An order not inconsistent herewith should be presented for entry to the court within five days from date hereof.