See also 8 F.R.D. 118.

## THE CREEK.

## NORTH RIVER BARGE LINE, Inc. v. GRACE LINE, Inc.

### No. A 148-383.

District Court, S. D. New York.

Dec. 13, 1947.

Purdy, Lamb, & Catoggio, of New York City (Vincent A. Cattogio, of New York City, of counsel), for libelant.

Kirlin, Campbell, Hickox & Keating, of New York City (John H. Hanrahan, of New York City, of counsel), for respondent.

RYAN, District Judge.

Libellant excepts to interrogatories addressed to it by respondent numbered 3, 4, 5, 6, 7, 8, 9, 10, 15, 16, 17, 18, 19, 20, 21, 22 and 23 on the ground that the information called for in said interrogatories is incompetent, immaterial and irrelevant and not the proper subject matter of inquiry.

Libellant seeks to recover for damages to a scow chartered to respondent and alleges that the damage was occasioned by the fault, neglect and negligence of respondent.

■ This Court held in The Velox, D. C., 36 F.Supp. 929, 930, that "Admiralty Rule 31 [28 U.S.C.A. following section 723] is identical with Rule 33 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, and was adopted subsequent thereto, and I think it should be given the same construction."

■ Interrogatories under Rule 33 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, have been extended to permit examination concerning all matters which are relevant to the subject matter involved in the pending action. It is proposed in the new rules to provide further, in Rule 26(b) which will govern the extent to which interrogatories may go, that "It is not ground for objection that the testimony will be inadmissible at the trial if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence."

■ The test to be applied is not only that of relevancy, but also whether the testimony sought to be elicited by the interrogatories, even though inadmissible at the trial, "appears to be reasonably calculated to lead to the discovery of admissible evidence."

■ The answer sets up no affirmative defense and does not plead that the damage done to the scow was occasioned and caused by the act of any third party. The pleadings, in their present form, would make the information sought to be secured by many of the interrogatories not only inadmissible, but the pleadings also preclude the possibility that much of the testimony sought might be "reasonably calculated to lead to the discovery of admissible evidence."

Under the present pleadings, the exceptions to interrogatories numbered 3, 4, 5, 6, 7, 8, 9, 10 and 23 are sustained, and overruled as to interrogatories numbered 15, 16, 17, 18, 19, 20, 21 and 22.

THE CREEK.

NORTH RIVER BARGE LINE, Inc. v. GRACE LINE, Inc.

No. A–148–383.

District Court, S. D. New York.

Dec. 13, 1947.

See also 8 F.R.D. 117.