## DELLAMEO v. GREAT LAKES S. S. CO.
### Civ. No. 25898.

United States District Court
N. D. Ohio, E. D.
Jan. 21, 1949.

Harry G. Fuerst, of Cleveland, Ohio, for plaintiff.

Robert G. McCreary, Jr. and Leckie, McCreary, Schlitz & Hinslea, all of Cleveland, Ohio, for defendant.

JONES, Chief Judge.

This is an action under the Jones Act, 46 U.S.C.A. § 688, for personal injuries sustained by plaintiff seaman. It is alleged that while plaintiff was working upon a scaffold suspended over the side of defendant's ship, a rope slipped causing one end of the scaffold to drop thus precipitating him to the dock below.

Defendant has filed motions to strike paragraphs Nos. 7 and 8 of the complaint as "redundant and immaterial," and for a more definite statement with respect to the unseaworthiness alleged in paragraph No. 11. Defendant also objects to certain interrogatories served by plaintiff.

1. The motion to strike paragraphs 7 and 8 of the complaint as redundant and immaterial will be sustained. Whether the plaintiff meant to denominate the challenged paragraphs "second count" or "second cause of action" is not material. The fact is, as I see it, the paragraphs mean nothing and should be and will be stricken.

2. The same may be said of paragraph 10 in the "third cause of action" or "third count". Statement of repeating, adopting and incorporating other paragraphs means nothing.

3. Objection to Interrogatory No. 3 will be overruled since there seems to be high authority for response to such an interrogatory.

4. Objections to Interrogatories 4 and 7 will be sustained since they attempt to obtain copies of writings or other documents which only may be obtained under Rule 34, Federal Rules of Civil Procedure, 28 U.S.C.A.

5. Motion for a definite statement in respect of the allegation of unseaworthiness of the vessel and its appurtenances will be sustained. Since paragraph 11 of the complaint alleges unseaworthiness of the vessel and its appurtenances as an independent ground of recovery it would seem to be the better part of good, indeed, if

not required, pleading to state in what respects the vessel and its appurtenances were unseaworthy or not reasonably safe or proper for the voyage.'