**WALSH v. PULLMAN CO. et al.**
**Civil Action No. 7659.**

United States District Court
D. Massachusetts.

March 30, 1949.

Thomas Weston, Stuart DeBard, Boston, Mass., for plaintiff.

William R. Cook and Johnson, Clapp, Ives & Knight, Boston, Mass., for defendant.

McCARTHY, District Judge.

The plaintiff brought this action against the defendants to recover damages as compensation for a fall which occurred on December 23, 1947.

The complaint alleges (inter alia) that on that date plaintiff purchased a railroad ticket on the New York Central Railroad and a berth in a Pullman car from Boston, Massachusetts to Cleveland, Ohio, and that while walking through a car in which she had her reservation, on account of the negligence of the defendants in allowing snow and ice to accumulate on the platform she fell striking her head and causing the injuries for which she now seeks to recover.

After the defendants filed their respective answers, plaintiff's attorneys propounded forty-one interrogatories to the defendant, New York Central Railroad Company (hereinafter called the Railroad), and forty-eight interrogatories to the defendant, the Pullman Company (hereinafter called Pullman), under Federal Rules of Civil Procedure, rule 33, 28 U.S.C.A.

The defendant Railroad has filed objections to interrogatories 6, 7, 8, 9, 10, 11, 13, 15, 16(b), 16(c), 16(d), 17, 18, 19, 25, 26, 27, 28, 36, 40 and 41.

The defendant Pullman has objected to Interrogatories 8 as amended 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 28, 29, 30, 31, 34, 40, 43, 44, 46, 47 and 48.

The interrogatories to which objections have been filed may be grouped roughly into three classes: 1) Interrogatories as to facts, 2) interrogatories seeking the names of witnesses, and 3) interrogatories seeking copies of statements of witnesses obtained by the defendants.

The defendants argue that the facts sought to be elicited by the interrogatories in the first group are "of no evidential value whatsoever" and "are not evidence as to how the accident happened * * *."

The scope of interrogatories under Rule 33, however, is as broad as the scope of examination by deposition, as provided in Rule 26(b). Rule 26(b), as amended, effective March 19, 1948, reads as follows: "* * * It is not ground for objection that the testimony will be inadmissible at the trial if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence."

Under this rule the scope of interrogatories is necessarily very broad. "Examination before trial may be had not merely for the purpose of producing evidence to be used at the trial, but also for discovery of evidence, indeed, for leads as to where evidence may be located." Engl v. Ætna Life Ins. Co., 2 Cir., 1943, 139 F.2d 469, 472.

Moreover, from a careful reading of the complaint and a consideration of questions therein raised, there is a forced conclusion that the interrogatories in the first group are not subject to the general charge of irrelevancy and should be answered.

In the second group of interrogatories to which both defendants have interposed objections are those which call for names of witnesses. Defendants concede that it lies within the discretion of the court to require them to disclose such information. Rule 26(b) expressly provides that discovery may be had concerning the identity and location of persons having knowledge of relevant facts.

It is inescapably clear that the plaintiff has set up the claim that she was riding alone aboard the train, that she was unconscious for a time, and that she was severely ill during the remainder of her trip to Cleveland. In the light of these circumstances, the defendants should furnish the plaintiff with the names of witnesses required by these interrogatories.

The third group of interrogatories seeks copies of statements of witnesses obtained by the defendants. Both plaintiff and defendants have relied on Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451. Defendants maintain that the plaintiff is attempting to acquire under Rule 33 information which the Rules contemplate should be obtained under Rule 34.

It is true that some decisions, notably from the Federal District Court for the Eastern District of Pennsylvania, have held that copies of statements submitted by witnesses may be obtained by interrogatories under Rule 33. The weight of authority, however, appears to be to the contrary. Jones v. Pennsylvania R. Co., D.C.N.D.Ill., 1947, 7 F.R.D. 662; Dellameo v. Great Lakes Steamship Co., D.C.N.D.Ohio, 1949, 9 F.R.D. 30; Schultz v. Bessemer and Lake Erie R. Co., D.C.N.D.Ohio, 1949;[1] Castro v. A. H. Bull & Co., D.C., S.D.N.Y.1949, 8 F.R.D. 84; Bruen v. Huff, D.C.W.D. Pa.1948, 8 F.R.D. 322; Cogdill v. Tennessee Valley Authority, D.C.E.D.Tenn.1947, 7 F.R.D. 411.

In Castro v. A. H. Bull & Co., supra, Judge Conger said: "I do not regard the view expressed on this point in the Eastern District of Pennsylvania as proper. * * * The Supreme Court in Hickman v. Taylor,

---

[1] No opinion for publication.

329 U.S. 495, page 504, 67 S.Ct. 385, page 390, 91 L.Ed. 451, stated that 'Rule 33 * * * does not make provision for such production, even when sought in connection with permissible interrogatories.' This is obviously true and I so hold." .

In Hickman v. Taylor, supra, 329 U.S. at page 519, 67 S.Ct. at page 397, 91 L.Ed. 451, Mr. Justice Jackson in his concurring opinion stated that "Production of such statements (signed statements or those written by witnesses) are governed by Rule 34 and on 'Showing good cause therefor' the court may order their inspection, copying or photographing."

■ The proper procedure, then, appears to be a motion under Rule 34.

In consideration of the foregoing, the defendant Railroad's objection to answering interrogatories Nos. 19 and 41 is sustained. The defendant Pullman's objection to answering interrogatories Nos. 17, 22, 47 and 48 is sustained.

The defendants' objections to answering the other interrogatories are overruled. The court orders that they be answered.

It is further ordered that the plaintiff clarify interrogatory No. 37 to the defendant Pullman. The. interrogatory in the present form is ambiguous.