**BORGEN v. PENNSYLVANIA GREYHOUND LINES, Inc.**

Civ. No. 25457.

United States District Court
N. D. Ohio, E. D.

April 27, 1949.

Davis & Lipps, Akron, Ohio, for plaintiff.

Donald M. Marshman, Cleveland, Ohio, for defendant.

JONES, Chief Judge.

This is an action for damages for personal injuries sustained by the plaintiff when one of defendant's buses, in which she was riding, collided with another of defendant's buses directly ahead, which had come to a sudden stop. Defendant admits that the collision occurred and that plaintiff was injured, but denies that the accident was due to its negligence.

Plaintiff filed 16 interrogatories addressed to defendant. Defendant has answered some of the interrogatories and has objected to others. Plaintiff has filed no brief in opposition to the objections.

Defendant cites American Far Eastern Syndicate, Inc. v. Raphael Semmes, D.C.N.Y., 3 F.R.D. 71, as authority for two of its objections. That case is inapplicable here since it was in Admiralty involving Rule 31 of the General Admiralty Rules, 28 U.S.C.A. Rule 33, Rules of Civil Procedure, as amended, 28 U.S.C.A. permits inquiry into "any matters which can be inquired into under Rule 26(b)". Rule 26(b) permits examination with regard to "any matter, not privileged,

which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the examining party or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of relevant facts."

■ Applying the foregoing principles to the objections herein, the defendant's objections will be disposed of as follows: Interrogatories 1, 4, 7, 8, 9, 10, 11, 12, 13—overruled. As to No. 15, the first part of this interrogatory is proper and should be answered. The objection will be overruled as to the question and sustained as to the request for a copy.