**ALLTMONT et al. v. UNITED STATES et al.**

No. 10019.

United States Court of Appeals
Third Circuit.

Argued Oct. 4, 1949.

Decided Nov. 23, 1949.

As Amended Feb. 3, 1950.

Newell A. Clapp, Dept. of Justice, Washington, D. C. (H. G. Morison, Asst. Atty. Gen., and Gerald A. Gleeson, U. S. Atty., Philadelphia, Pa., J. Frank Staley and Thomas F. McGovern, Washington, D. C., on the brief), for appellants.

Abraham E. Freedman, Philadelphia, Pa. (Freedman, Landy & Lorry, Philadelphia, Pa., on the brief), for appellees.

Before BIGGS, Chief Judge, and MARIS, McLAUGHLIN, O'CONNELL and KALODNER, Circuit Judges.

On amendment: Before BEGGS, Chief Judge and MARIS, McLAUGHLIN, and KALODNER, Circuit Judges.

MARIS, Circuit Judge.

The question with which we are confronted at the outset in this appeal, and the only one which we find necessary to decide, is whether copies of statements of prospective witnesses taken by a party to an admiralty suit may be obtained by the adverse party by interrogatories served under Admiralty Rule 31, 28 U.S.C.A., without a prior showing of good cause therefor.

In the consolidated admiralty suits now before us, which were brought by two seamen against the United States and the United States Maritime Commission for personal injuries, the libellants served interrogatories upon the United States as respondent. One of the interrogatories served by each libellant directed the respondent to "Attach hereto true and correct copies of all written statements (signed or unsigned) from any and all persons including the libellant who purport to be witnesses or have any knowledge regarding the said accident and/or injuries or any matter connected therewith or related thereto, including statements taken by the Federal Bureau of Investigation." The respondent filed objections to these in-

terrogatories which were overruled by the court and the respondent was directed to answer them. It thereupon filed answers, annexing copies of the statements of certain individuals, but declined to annex copies of statements of witnesses taken by agents of the Federal Bureau of Investigation.

Thereafter the libellants moved under Admiralty Rule 32C for judgment in their favor because of the respondent's failure to answer the interrogatories by annexing copies of the statements in question as ordered by the court. At the hearing of this motion the libellants also filed a motion under Admiralty Rule 32 for the production of the statements which the respondent had declined to annex to its answers.

The respondent opposed the libellants' motions for judgment upon three grounds. It urged first that Admiralty Rule 31[1] did not require it to produce copies of the statements in question in answer to interrogatories but that such statements could only be required to be produced under Admiralty Rule 32[2] and only after the

showing of good cause therefor, which that Rule requires, had been made. Secondly it urged that the statements of witnesses taken by agents of the Federal Bureau of Investigation of the Department of Justice were privileged within the rule laid down in Hickman v. Taylor, 1947, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451, in that they represented the work product of Government lawyers. Finally it submitted a claim by the Attorney General of privilege against disclosure and asserted that the statements in question were confidential records of the Government as to which the privilege was absolute.

The district court ruled against the respondent on all three grounds, holding (1) that Admiralty Rule 31 required the respondent to furnish copies of the statements in question as a part of its answers, (2) that the statements were not privileged under the rule of Hickman v. Taylor, and (3) that they were not otherwise privileged as confidential records of the Government. In construing Admiralty Rule 31 as applicable to the production of copies of such statements the district

---

**1.** "Rule 31. Interrogatories to Parties

"Any party may serve upon any adverse party written interrogatories to be answered by the party served or, if the party served is a public or private corporation or a partnership or association, by any officer thereof competent to testify in its behalf. The interrogatories shall be answered separately and fully in writing under oath. The answers shall be signed by the person making them; and the party upon whom the interrogatories have been served shall serve a copy of the answers on the party submitting the interrogatories within 15 days after the delivery of the interrogatories, unless the court, on motion and notice and for good cause shown, enlarges or shortens the time. Objections to any interrogatories may be presented to the court within 10 days after service thereof, with notice as in case of a motion; and answers shall be deferred until the objections are determined, which shall be at as early a time as is practicable. No party may, without leave of court, serve more than one set of interrogatories to be answered by the same party."

**2.** "Rule 32. Discovery and Production of Documents and Things for Inspection, Copying, or Photographing

"Upon motion of any party showing good cause therefor and upon notice to all other parties, the court in which an action is pending may (1) order any party to produce and permit the inspection and copying or photographing, by or on behalf of the moving party, of any designated documents, papers, books, accounts, letters, photographs, objects, or tangible things, not privileged, which constitute or contain evidence material to any matter involved in the action and which are in his possession, custody, or control; or (2) order any party to permit entry upon designated land or other property in his possession or control for the purpose of inspecting, measuring, surveying, or photographing the property or any designated relevant object or operation thereon. The order shall specify the time, place, and manner of making the inspection and taking the copies and photographs and may prescribe such terms and conditions as are just."

court followed its previous decisions[3] under Civil Procedure Rule 33, 28 U.S.C.A., which, prior to March 19, 1948, was identical with Admiralty Rule 31. Thus holding that the respondent was required by Admiralty Rule 31 to produce copies of the statements in question the court found it unnecessary to act upon the libellants' motions to produce those statements under Admiralty Rule 32. The court concluded, however, that it would be inappropriate to enter judgment by default against the United States because of its failure to comply with the court's order to answer the interrogatories. It decided instead that the appropriate action to take under Admiralty Rule 32C, in the light of the respondent's failure to comply, was to enter an order precluding the respondent from opposing the libellants' claims that their injuries were due to negligence on the part of the personnel of the respondent's vessel or the unseaworthiness of the vessel or both and that the libellants should recover their damages by reason of the matters alleged in the libels. The court accordingly entered an interlocutory decree in that form, reserving for further hearing and determination the actual amount of the damages to be awarded. O'Neill v. United States, D.C., 79 F.Supp. 827.

Such an interlocutory decree in admiralty being appealable under 28 U.S.C.A. § 1292 (3), the respondent promptly appealed from it to this court. Upon that appeal it appeared that the recitals contained in the interlocutory decree were in conflict with certain of the facts of the proceeding as disclosed by the record. We accordingly vacated the decree and remanded the case to the district court for further proceedings. 3 Cir., 174 F.2d 931. Upon remand the district court reformed its interlocutory decree by an appropriate modification of the recitals to which we had referred and thereupon reentered it. The appeal now before us was taken by the respondent from the interlocutory decree as amended and reentered.

The present appeal was directed to be heard by the court in banc pursuant to 28 U.S.C.A. § 46(c). That subsection provides that a court of appeals in banc shall consist of all active circuit judges of the circuit. In the Third Circuit seven active circuit judges are authorized by 28 U.S.C.A. § 44(a), as amended. When the appeal came on for hearing only five circuit judges were present, however, This was because Circuit Judge Goodrich was then engaged in judicial duty in the Ninth Circuit under an assignment by the Chief Justice of the United States and there was a vacancy in the court which had not then been filled. We are satisfied, however, that the five circuit judges who sat in this case and who have participated in its consideration and decision constitute a quorum of the court in banc and are, therefore, entitled to act as such. For while paragraph (c) of 28 U.S.C.A. § 46 does say that a court in banc consists of all active circuit judges of the circuit, paragraph (d) of the same section provides that a majority of the number of judges authorized to constitute a court or division thereof under paragraph (c) shall constitute a quorum. The number of judges authorized under paragraph (c) to constitute the United States Court of Appeals for the Third Circuit in banc being seven, four or more of them are clearly a quorum under paragraph (d).

As stated at the outset, the question raised by this appeal with which we are first confronted is this: Was the district court right in construing Admiralty Rule 31 as permitting the libellants, without any showing of good cause, to compel the respondent in answer to interrogatories to produce copies of written statements of prospective witnesses taken by its agents or was the respondent right in its contention that the applicable rule in such a case is Admiralty Rule 32 under which such statements are required to be produced only upon a prior showing of good cause therefor by the party demanding their pro-

---

3. Nedimyer v. Pennsylvania R. R. Co., D.C.E.D.Pa., 1946, 6 F.R.D. 21; De Bruce v. Pennsylvania R. Co., D.C.E.D. Pa.1947, 6 F.R.D. 403.

974

duction? We accordingly turn to the consideration of this question.

■ At the beginning of our consideration we note that the court below, the United States District Court for the Eastern District of Pennsylvania, stands almost alone in the construction which it has placed upon these Rules.[4] The many other district courts which have considered the question have, with virtual unanimity, taken the contrary view that the production of copies of statements of witnesses may not be compelled as of right under Admiralty Rule 31 or its counterpart Civil Procedure Rule 33 [5] and that the production of such statements for examination or copying may only be compelled upon a showing of good cause therefor under Admiralty Rule 32 or its counterpart Civil Procedure Rule 34.[6] It is true that there are a few cases in some district courts in which produc-

tion of such statements has been required in connection with interrogatories filed under Admiralty Rule 31 or Civil Procedure Rule 33 but in nearly all of those cases it appears that the court directed their production only after satisfying itself that the party asking for them had in fact shown good cause for their production.[7] Since the basic question is whether copies of such statements may be obtained as of right or whether good cause for their production must first be shown it is clear that these cases do not support the position of the court below. We think that such an overwhelming preponderance of view as to the proper construction to be placed upon these procedural rules by the courts whose duty it is to administer them must be given great weight.

Any discussion of this subject inevitably leads us back to the case of Hickman v.

4. Dugger v. Baltimore & O. R. Co., D.C. E.D.N.Y.1946, 5 F.R.D. 334, and Hayman v. Pullman Co., D.C.N.D.Ohio 1948, 8 F.R.D. 238, appear to be in accord with the court below. But see the following decisions of the same courts contra: Creden v. Central R. Co. of New Jersey, D.C.E.D.N.Y.1940, 1 F.R.D. 168; The Poling Bros. No. 6, D.C.E.D.N.Y.1942, 2 F.R.D. 336, 337; Hoffman v. Chesapeake & O. Ry. Co., D.C.N.D.Ohio 1947, 7 F.R.D. 574; Dellameo v. Great Lakes S. S. Co., D.C.N.D.Ohio 1949, 9 F.R.D. 30.

5. Since Admiralty Rules 31 and 32 were identical with Civil Procedure Rules 33 and 34, respectively, as the latter stood prior to March 19, 1948, they have rightly been given the same construction by the courts. The Exermont, D.C.S.D. N.Y.1940, 1 F.R.D. 574; American S. S. Co. v. Buckeye S. S. Co., D.C.W.D.N.Y. 1941, 1 F.R.D. 773; The Poling Bros. No. 6, D.C.E.D.N.Y.1942, 2 F.R.D. 336; The Frost Valley, D.C.S.D.N.Y.1946, 7 F.R.D. 81; The Creek, D.C.S.D.N.Y. 1947, 8 F.R.D. 117. The amendments of March 19, 1948 to Civil Procedure Rules 33 and 34 do not affect the question with which we are confronted in this case. Accordingly in this opinion we refer to the cases under Admiralty Rules 31 and 32 and those under Civil Procedure Rules 33 and 34 interchangeably and without making any distinction between them.

6. Curtis v. United States, D.C.D.Mass. 1939, 27 F.Supp. 459, 460; Creden v. Central R. Co. of New Jersey, D.C.E.D. N.Y.1940, 1 F.R.D. 168; Gaumond v. Spector Motor Service, D.C.D.Mass.1940, 1 F.R.D. 364, 365; The Poling Bros. No. 6, D.C.E.D.N.Y.1942, 2 F.R.D. 336, 337; Roth v. Paramount Film Distributing Corporation, D.C.W.D.Pa.1945, 4 F.R.D. 302, 305; American Tobacco v. S. S. Goulandris, D.C.S.D.N.Y., 1946, A.M.C. 1032; Walling v. Parry, D.C.W.D.Pa. 1947, 6 F.R.D. 554, 556; Hoffman v. Chesapeake & O. Ry. Co., D.C.N.D. Ohio 1947, 7 F.R.D. 574; Jones v. Pennsylvania R. Co., D.C.N.D.Ill.1947, 7 F. R.D. 662, 663; Bruen v. Huff, D.C.W.D. Pa.1948, 8 F.R.D. 322; Dellameo v. Great Lakes S. S. Co., D.C.N.D.Ohio 1949, 9 F.R.D. 30; Castro v. A. H. Bull & Co, D.C.S.D.N.Y.1949, 9 F.R.D. 84; Walsh v. Pullman Co., D.C.D.Mass. 1949, 9 F.R.D. 107; Borgen v. Pennsylvania Greyhound Lines, D.C.N.D.Ohio 1949, 9 F.R.D. 209, 210. See also Alexander Holtzoff, Instruments of Discovery under Federal Rules of Civil Procedure, 1942, 41 Mich.L.Rev. 205, 214; Moore's Federal Practice vol. 2, § 34.04, p. 2639, (1938).

7. Kennedy v. Mississippi Valley Barge Line Co., D.C.W.D.Pa.1946, 7 F.R.D. 78; Newell v. Capital Transit Co., D.C. D.C.1948, 7 F.R.D. 732, 734; Alfred Pearson & Co. (Pty) Ltd. v. Hayes et al., D.C.S.D.N.Y.1949, 9 F.R.D. 210.

Taylor, in which both this court 1945, 3 Cir., 153 F.2d 212, and the Supreme Court, 1947, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451, had occasion to give consideration to Civil Procedure Rules 33 and 34. That case was concerned with a narrower question than the one here posed, namely, whether the plaintiff had a right under any of the discovery rules to compel the defendants' lawyer to produce copies of statements which he had taken from prospective witnesses in the course of his preparation of his clients' defense. The plaintiff had demanded their production as of right. This court took the view that such statements were absolutely privileged against discovery. The Supreme Court held that the plaintiff was not entitled to discovery of them as of right, but went on to say 329 U.S. at pages 511, 512, 67 S.Ct. at page 394, 91 L.Ed. 451: "We do not mean to say that all written materials obtained or prepared by an adversary's counsel with an eye toward litigation are necessarily free from discovery in all cases. Where relevant and non-privileged facts remain hidden in an attorney's file and where production of those facts is essential to the preparation of one's case, discovery may properly be had. Such written statements and documents might, under certain circumstances, be admissible in evidence or give clues as to the existence or location of relevant facts. Or they might be useful for purposes of impeachment or corroboration. And production might be justified where the witnesses are no longer available or can be reached only with difficulty. Were production of written statements and documents to be precluded under such circumstances, the liberal ideals of the deposition-discovery portions of the Federal Rules of Civil Procedure would be stripped of much of their meaning. But the general policy against invading the privacy of an attorney's course of preparation is so well recognized and so essential to an orderly working of our system of legal procedure that a burden rests on the one who would invade that privacy to establish adequate reasons to justify production through a subpoena or court order. That burden, we believe, is neces-

sarily implicit in the rules as now constituted."

In support of the proposition last quoted the Court in footnote 10 to its opinion cited Civil Procedure Rule 34. But Civil Procedure Rule 34 (and Admiralty Rule 32) is not directed to documents in counsel's files alone. Indeed it makes no reference to counsel's files. On the contrary, the Rule refers to all documents in the possession, custody or control of the adverse party and, as the Supreme Court pointed out in the footnote 329 U.S. at page 512, 67 S.Ct. at page 394, 91 L.Ed. 451, "Rule 34 is explicit in its requirements that a party show good cause before obtaining a court order directing another party to produce documents." Since, as the Court also pointed out 329 U.S. at page 505, 67 S.Ct. at page 391, 91 L.Ed. 451, the "deposition-discovery rules create integrated procedural devices", this we believe to be a recognition by the Court that the production by a party of any documents, either for mere inspection or for obtaining a copy, is predicated upon first showing good cause therefor and consequently is to be obtained only by proceeding under Civil Procedure Rule 34 (or Admiralty Rule 32). This seems to have been in the Court's mind when it said 329 U.S. at page 504, 67 S.Ct. at page 390, 91 L.Ed. 451: "Here production was sought of documents prepared by a party's attorney after the claim has arisen. Rule 33 does not make provision for such production, even when sought in connection with permissible interrogatories."

Certainly this was the view of Justice Jackson when, in his concurring opinion, in which Justice Frankfurter joined, he said 329 U.S. at page 519, 67 S.Ct. at page 397, 91 L.Ed. 451: "Production of such statements are governed by Rule 34 and on 'showing good cause therefor' the court may order their inspection, copying or photographing."

In discussing the nature of the petitioner's request in the Hickman case the Supreme Court said 329 U.S. at pages 508, 509, 67 S.Ct. at pages 392, 91 L.Ed. 451: "Petitioner has made more than an ordi-

nary request for relevant, non-privileged facts in the possession of his adversaries or their counsel. He has sought discovery as of right of oral and written statements of witnesses whose identity is well known and whose availability to petitioner appears unimpaired. He has sought production of these matters after making the most searching inquiries of his opponents as to the circumstances surrounding the fatal accident, which inquiries were sworn to have been answered to the best of their information and belief. Interrogatories were directed toward all the events prior to, during and subsequent to the sinking of the tug. Full and honest answers to such broad inquiries would necessarily have included all pertinent information gleaned by Fortenbaugh through his interviews with the witnesses. Petitioner makes no suggestion, and we cannot assume, that the tug owners or Fortenbaugh were incomplete or dishonest in the framing of their answers. In addition, petitioner was free to examine the public testimony of the witnesses taken before the United States Steamboat Inspectors. We are thus dealing with an attempt to secure the production of written statements and mental impressions contained in the files and the mind of the attorney Fortenbaugh without any showing of necessity or any indication or claim that denial of such production would unduly prejudice the preparation of petitioner's case or cause him any hardship or injustice. For aught that appears, the essence of what petitioner seeks either has been revealed to him already through the interrogatories or is readily available to him direct from the witnesses for the asking."

While the language of the Supreme Court was here necessarily directed to statements obtained personally by Fortenbaugh as counsel for the adverse party, since only such statements were involved in the Hickman case, we think that its rationale has a much broader sweep and applies to all statements of prospective witnesses which a party has obtained for his trial counsel's use. For since, as the Court held, statements of prospective witnesses obtained by a lawyer are not protected by the historic privilege inherent in the law-

yer-client relationship and are only protected against disclosure if the adverse party cannot show good cause for their production, we can see no logical basis for making any distinction between statements of witnesses secured by a party's trial counsel personally in preparation for trial and those obtained by others for the use of the party's trial counsel. In each case the statements are obtained in preparation for litigation and ultimately find their way into trial counsel's files for his use in representing his client at the trial. The adverse party could certainly have no greater or different need for copies of the statements in the one case than in the other. In each case he has had the same opportunity through interrogatories to learn all the pertinent facts which his opponent has gleaned from the witnesses as well as the names and addresses of those witnesses so that he himself may interview them or secure their depositions if he wishes. `

Certainly no valid distinction can be based on the fact that in the one case trial counsel does all the work of preparation for trial, including the interviewing of witnesses, while in the other case he is assisted by others employed by him or by his client. Indeed to make such a distinction would discriminate in favor of the party whose lawyer himself does all the work of preparation for trial and against the one whose counsel delegates part of that task to others. In either situation, the rationale of the opinion of the Supreme Court in the Hickman case requires that the same showing of good cause for the production of such statements of witnesses should be made by the adverse party seeking copies of them. This necessarily means that their production is to be had under Civil Procedure Rule 34 (or Admiralty Rule 32) upon a showing of good cause rather than as a matter of right under Civil Procedure Rule 33 (or Admiralty Rule 31).

We think, therefore, that to the extent that the Supreme Court was called upon in Hickman v. Taylor to consider the question now before us it rejected the construction of Civil Procedure Rule 33 (and Admiralty Rule 31) which the court be-

low has adopted and applied in these cases. That construction was undoubtedly based in part[8] upon a suggestion made by this court by way of dictum in our opinion in the Hickman case, 3 Cir., 153 F.2d 212, 216, that a party seeking to secure a copy of a paper rather than to see the original for purposes of copying it was concerned with Rule 33 rather than Rule 34.

█ Moreover, now that we have been called upon to decide the precise point the full consideration which we have given to it convinces us that the integrated scheme of the discovery rules as well as their actual language compels the conclusion that the construction which we placed upon them by way of dictum in the Hickman case, and which the court below has followed, is wrong. Admiralty Rules 31 and 32 and their counterparts Civil Procedure Rules 33 and 34, are directed to the discovery which a party to a suit may compel the adverse party to make. These two Rules show a clear distinction between obtaining answers to interrogatories and compelling the production of documents either for inspection or in order to obtain copies. In the one case answers may be compelled as of right if the interrogatories relate to relevant unprivileged matters. In the other case just cause must be shown, as the Supreme Court indicated in the Hickman case, for reaching into an opponent's files in order to see, or obtain a copy of, a document which, being by hypothesis relevant to the controversy, is almost certainly one of the documents with which the opponent's trial attorney is working in preparing his client's case. Since Admiralty Rule 31 and Civil Procedure Rule 33 are wholly silent as to the production of documents while Admiralty Rule 32 and Civil Procedure Rule 34 are directly and primarily concerned with their production for both inspection and copying, we think, construing them together, that the subject is covered solely by the latter to the exclusion of the former. Thus construed the Rules are fully integrated in this respect.

To hold that a party can compel the production of a copy of a document under Admiralty Rule 31 or Civil Procedure Rule 33 in answer to an interrogatory would render virtually meaningless the express provision of Admiralty Rule 32 and Civil Procedure 34 that production of a document may be compelled under that Rule to permit the copying of it by the moving party. For if a party can compel the adverse party to furnish him with a copy of a desired document under Admiralty Rule 31 or Civil Procedure Rule 33 as of right and at the adverse party's expense, it is hardly likely that he would assume the burden under Admiralty Rule 32 or Civil Procedure Rule 34 of having to show good cause for its production only to have to assume the additional burden of having to make the copy of it at his own expense.[9]

A construction of the two Rules which would permit a party to obtain a copy of a document as of right under Admiralty Rule 31 or Civil Procedure Rule 33 but would compel him to show good cause under Admiralty Rule 32 or Civil Procedure Rule 34 to see the original would border on the capricious. For it would require a showing of good cause only in case a party desired visually to examine the document as to its form but not when he sought information as to its contents. In common experience, however, the contents of most documents are of much more importance to the parties than their physical form. It would surely require explicit language to compel a construction of the Rules which would make it more difficult for a party to ascertain the form of a document than to discover its substance and effect.

We think that the court below may have been led to its conclusion in part by its misapprehension of the scope of interroga-

---

8. See Terrell v. Standard Oil Co. of New Jersey, D.C.E.D.Pa.1945, 5 F.R.D. 146, and De Bruce v. Pennsylvania R. Co., D.C.E.D.Pa.1947, 6 F.R.D. 403, 405.

9. The task of preparing copies of papers and documents called for under the discovery procedure may at times be a very burdensome one. See, for example, Niagra Duplicator Co. v. Shackleford, 82 U.S.App.D.C. 45, 1947, 160 F.2d 25; Cinema Amusements v. Loew's, Inc., D.C.Del.1947, 7 F.R.D. 318, 321.

tories under Admiralty Rule 31 and Civil Procedure Rule 33. In its opinion it assumed that a party was entitled as of right under Civil Procedure Rule 33 to a disclosure by his adversary of the substance of whatever a prospective witness had told the adversary's agent. Upon that premise the court reasoned that where the witness's statement had been taken in writing the best disclosure of its substance would be the language of the statement itself. Hence, said the court, Civil Procedure Rule 33 must contemplate the production of a copy of such a statement in answer to an interrogatory concerning its contents. We may concede that the conclusion would follow if the premise were sound. We think, however, that the court's premise cannot be sustained.

As we understand Civil Procedure Rule 33 and Admiralty Rule 31 a party is entitled as of right to compel his adversary to make a full disclosure of all of the facts which the latter has learned which are relevant to the subject matter of the pending action and unprivileged, including information as to relevant statements and other documents in his control and the names and addresses of all persons having knowledge of relevant facts whom he or his agents have interviewed. The Rules, however, do not give a party an absolute right to obtain either the text or a resumé of the statements which the adverse party has obtained from the persons whom he or his agents have seen. Having obtained information as to the existence, nature and location of the statements through interrogatories he is in position to move for their production under Civil Procedure Rule 34 or Admiralty Rule 32. But he must in every case make the showing of good cause required by those Rules for their production. In other words he must show that there are special circumstances in his particular case which make it essential to the preparation of his case and in

the interest of justice that the statements be produced for his inspection or copying. His counsel's natural desire to learn the details of his adversary's preparation for trial, to take advantage of his adversary's industry in seeking out and interviewing prospective witnesses, to help prepare himself to examine witnesses or to make sure that he has overlooked nothing are certainly not such special circumstances since they are present in every case. As Justice Jackson aptly said in his concurring opinion in the Hickman case 329 U.S. at page 516, 67 S.Ct. at page 396, 91 L.Ed. 451, in commenting on the petitioner's argument that the Rules were intended to do away with the old situation where a law suit developed into a battle of wits between counsel, "a common law trial is and always should be an adversary proceeding. Discovery was hardly intended to enable a learned profession to perform its functions either without wits or on wits borrowed from the adversary."

We conclude for the reasons which we have stated that the libellants in this case were not entitled, as of right, under Admiralty Rule 31 to the copies of the statements which the district court ordered the respondent to furnish them in answer to interrogatories under that Rule. By reason of the respondent's failure to furnish them the court entered against it the interlocutory decree now under appeal. In so doing the court erred and its interlocutory decree must, therefore, be reversed. Upon remand and further consideration of the libellants' motions for the production of the statements in question under Admiralty Rule 32, if that motion is pressed, the district court will be required to exercise its judgment as to whether the libellants have shown good cause, that is, have demonstrated that the special circumstances of their cases make it essential to the preparation of their cases, for them to see and copy the statements sought.[10] Since the

10. Martin v. Capital Transit Co., 83 U.S. App.D.C. 239, 1948, 170 F.2d 811, in which Justice Stephens said 83 U.S.App. D.C. 239, 170 F.2d at page 812: "Rule 34 authorizes the District Court to order production of documents, papers, etc., upon motion of a party 'showing good cause,' not upon a mere allegation or recitation that good cause exists. The rule contemplates an exercise of judgment by the court, not a mere automatic granting of a motion. The court's judg-

libellants have been furnished, through the respondent's answers to the interrogatories, with the names and addresses of the persons who made the statements in question and, therefore, may well be in the opinion of the District Court in a position to interview them themselves without due burden or delay, if they have not already done so, it is quite possible that the libellants will be unable to show such special circumstances in this case as would justify production of the statements in question. It is accordingly unnecessary for us to consider at this time the other objections which the respondent made to their producion.

The decree of the district court will be reversed and the causes will be remanded for further proceedings not inconsistent with this opinion.

ment is to be moved by a demonstration by the moving party of its need, for the purposes of the trial, of the document or paper sought. This view is confirmed by the Supreme Court in Hickman v. Taylor, 1947, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451." See also Safeway Stores v. Reynolds, D.C.Cir., 1949, 176 F.2d 476.