William David WEBB and Harvey N. Schmidt, Trustees in Reorganization of Spectrum Arena, Inc.

v.

SKIDMORE, OWINGS & MERRILL et al. PHILADELPHIA HOCKEY CLUB, INC.

v.

SKIDMORE, OWINGS & MERRILL et al. RIKO ENTERPRISES, INC.

v.

SKIDMORE, OWINGS & MERRILL et al. ICE CAPADES, INC.

v.

SKIDMORE, OWINGS & MERRILL et al.

Civ. A. Nos. 69–2607, 69–1913, 69–1912, and 69–1914.

United States District Court, E. D. Pennsylvania.

June 9, 1970.

Stephen A. Cozen, Philadelphia, Pa., for plaintiffs.

David L. Grove, Sidney L. Wickenhaver, Philadelphia, Pa., for defendant.

## MEMORANDUM ORDER

HIGGINBOTHAM, District Judge.

Plaintiffs in these consolidated actions —the present owners of the Spectrum Arena, the Trustees in Reorganization, and several tenants—brought suit to recover for losses resulting from wind damage to the roof covering of the Spec-

trum Arena, Broad and Pattison Streets, Philadelphia, Pennsylvania. They allege that negligent design and construction by defendants caused the roof to blow off under foreseeable wind conditions or alternatively that the defendants breached implied warranties that the arena was safe and proper for its intended use. The defendants served as architects and designers of the damaged roof and supervised its construction.

Plaintiffs moved for the production of documents pursuant to Rule 34 of the Federal Rules of Civil Procedure. Of eleven categories of documents which plaintiffs sought to have defendants produce, only a single category consisting of three documents remains the subject of dispute before the Court. In support of their positions, the parties filed briefs and argument was made to the Court. For reasons to be elaborated I shall deny plaintiffs' motion for production as to each and every one of the three documents.

Plaintiffs seek to inspect any copy: "(1) The written investigation report or reports referred to in defendants' answer to plaintiffs' Interrogatory No. 2." In answer to this Interrogatory defendants had acknowledged possession of written reports from Construction Consultants, Inc., of Detroit, Michigan and from Mr. Richard Lenke, Associate Partner, Skidmore, Owings & Merrill. The reports are as follows:

(1) The written report of Mr. Theodore J. Holowchak, Vice President of Construction Consultants, Inc., following his investigation on February 19, 1968 of damage to the roof covering of the Spectrum Arena. The report takes the form of a letter to Mr. Richard Lenke and is dated February 28, 1968 ("Reference: Spectrum (Philadelphia Sports Arena, Broad and Pattison, Philadelphia, Pennsylvania)");

(2) The written report by Construction Consultants, Inc., of its investigation following the second incident of roof damage on March 1, 1968. The report is undated, appears under the corporate letterhead, and is titled "SPECTRUM, Philadelphia, Pennsylvania, Removal of Existing Built-Up Roofing & Roof Insulation, Phase I, March 20 through March 29, 1968."; and

(3) The written report of Mr. Richard Lenke, Associate Partner, Skidmore, Owings & Merrill, in the form of an Inter-Office Memorandum dated February 21, 1968 to Al Lockett a Partner in the defendant firm of architects-engineers ("Re: Philadelphia Arena Roofing Damage").

Mr. Holowchak's letter and the Construction Consultants, Inc., report raise the problem discussed by Professor Moore under the topic "Discovery from Adverse Party's Experts", 4 Moore's Federal Practice (2d Ed. 1969), ¶ 26.24, p. 1523. I am cited to no case in point in the United States Court of Appeals for the Third Circuit, but adopt instead the reasoning Professor Moore found to be "the proper solution to the problem," namely:

"The court should not ordinarily permit one party to examine an expert engaged by the adverse party, or to inspect reports prepared by such expert, in the absence of a showing that the facts or the information sought are necessary for the moving party's preparation for trial and cannot be obtained by the moving party's independent investigation or research. However, since one of the purposes of the Federal Rules * * * is to facilitate the inexpensive determination of causes the court should have discretion to order discovery upon condition that the moving party pay a reasonable portion of the fees of the expert." 4 Moore's, supra, p. 1531.

■ I find that plaintiffs have not met their burden of "showing that the facts or the information sought are nec-

essary for the moving party's preparation for trial *and* cannot be obtained by the moving party's independent investigation or research." Accordingly I shall DENY plaintiffs' motion for production of the Holowchak letter and the Construction Consultants, Inc., report.

The report prepared by Mr. Richard Lenke is governed by the authority of Alltmont v. United States, 177 F.2d 971 (C.C.A.3, 1949) and its progeny. *Alltmont* teaches that: "The Rules * * * do not give a party an absolute right to obtain either the text or a résumé of the statements which the adverse party has obtained from the persons whom he or his agents have seen. Having obtained information as to the existence, nature and location of the statements through interrogatories he is in position to move for their production under Civil Procedure Rule 34 * * *. But he must in every case make the showing of good cause required by those Rules for their production. In other words he must show that there are special circumstances in his particular case which make it essential to the preparation of his case and in the interest of justice that the statements be produced for his inspection or copying." (p. 978).

■  Here again I find that plaintiffs have not met their burden of showing good cause, of showing that there are special circumstances in his particular case which make it essential to the preparation of his case and in the interest of justice that the statements be produced for his inspection or copying. Accordingly, I shall also deny plaintiffs' motion for production of the report written by Mr. Richard Lenke.

And now, this 9th day of June, 1970, it is hereby ordered that plaintiffs' motion for production of the written investigation reports referred to in defendants' answer to plaintiffs' Interrogatory No. 2 is denied.