IN THE MATTER OF THE ESTATE OF HORACE
GIBBS, Deceased.—HORACE D. GIBBS, LOVEL
GIBBS, VAVINIA B. FORD and JULIA A. NOR-
THRUP, Appellants.

Practice.—Appeal from Probate Court.—Notice.—When a por-
tion of the heirs of a decedant appeal to the district court from
an order of the probate court in the matter of the estate of such
decedent, and serve no notice of appeal on the heirs, the heirs
not served and not appearing are not bound by the judgment on
appeal.

Id.—Findings.—Final Judgment.—Sections 504 and 505 of the Code
of Civil Procedure require findings in case of a final judgment
only, and an order of the district court refusing to confirm a sale
of real estate, heretofore made under its order, is not a final
judgment.

Appeal from an order of the district court of the third
district refusing to confirm a sale of real estate.

Sections 504 and 505 of the Code of Civil Procedure are
as follows:

"Sec. 504.   Upon a trial of a question of fact by the
court, its decision must be given in writing and filed with
the clerk within thirty days after the cause is submitted
for decision.

"Sec. 505.   In giving the decision, the facts found and
the conclusions of law must be separately stated.   Judg-
ment upon the decision must be entered accordingly,"

The decision was not given in writing nor were any find-
ings filed.   The other facts sufficiently appear in the
opinion.

*Messrs. Hall & Marshall,* for appellants.

*Mr. U. J. Wenner,* for respondent.

Boreman, J.:

Horace Gibbs died intestate, leaving Susannah Gibbs,
his widow, who was at his death, and still is, living on "the
real estate constituting the homestead of the deceased."

He left seven or eight children and heirs, five of whom are the appellants.

The administrators applied to the probate court for the sale of so much of the real estate (the homestead referred to) as might be necessary to pay certain taxes, court expenses, and expenses of administration likely to accrue.

At the hearing in the probate court, the appellants objected to a sale of a part only of the real estate, and urged the sale of the whole, claiming that by a sale of a part the residue would be greatly injured. The probate court overruled the objections and ordered the sale of a part only of the real estate. From this order of the probate court the appellants took their appeal to the third district court. But no notice of that appeal was given to Susannah Gibbs, the widow, nor to any parties other than the administrators and the clerk of the probate court.

The matter came up for hearing in the district court and was tried *de novo*, said Susannah Gibbs not appearing nor knowing anything of the appeal or of the hearing in the district court. The district court ordered the sale of the whole of the real estate. The sale was duly made to A. M. Carlson, subject to the approval of the district court, and the report thereof made to the district court. By order of the last named court, notice was given to all persons interested, to show cause, if any there should be, why the sale should not be approved. Thereupon, said Susannah Gibbs appeared and filed her objections to the approval of the sale of the whole of the real estate, alleging among other things, that she had had no notice of the appeal, nor of the order of sale in the district court, and that the sale of the whole of the real estate was wholly unnecessary to raise the sum of money alleged to be required.

The district court, upon the hearing on the report of the sale, and the objections of Susannah Gibbs, sustained the objections, and refused to confirm the sale. From this order of the district court, the appellants have brought the matter to this court.

The first objection of appellants to the order of the district court sustaining the objections of Susannah Gibbs,

and refusing to approve the sale of the whole of the real estate, is, that the evidence was not sufficient to support the ruling. The statement on appeal agreed to by the parties thereto, shows that "all the allegations of said objections of Susannah Gibbs were true," except as to the amount of the personal property and as to the value of the homestead. The allegations of Susannah Gibbs thus agreed to, include the allegation "that the sale of said entire lot was wholly unnecessary" to realize the money required. The objection, therefore, of the appellants is not valid.

The second objection urged by appellants against the order of the district court is, that the court erred in its ruling because the administrators simply obeyed the order of the court in making the sale. Susannah Gibbs was not a party to the proceedings when the order of sale was made by the district court. She had no knowledge, information, or notice of the appeal nor of the order of sale. She certainly, therefore, could not be bound by any such order. She had a right to be heard at some time against such an order, and this was her first opportunity. It was not error, therefore, for the district court to go behind the order of sale in this instance, and to hear and sustain objections to the order of sale itself in order to ascertain whether the sale should be approved or not, the objections coming from one who had had no prior opportunity to be heard.

The third and last objection of appellants to the order refusing to confirm the sale, is that the court erred in not giving its decision and findings in writing.

It is not every order, nor every trial of a question of fact that requires findings. They are required by our Code of Civil Procedure, section 505, only when "judgment upon the decision" is to follow. A judgment is the final determination of the rights of the parties in the action or proceeding: Code of Civil Procedure, section 451. In the order appealed from there is nothing in the nature of a judgment. It is not a final determination of the rights of the appellants. It was not necessary, therefore, that the decision and findings should have been reduced to writing

or filed. Let the order of the district court be affirmed, with instructions to the court to order a re-sale of so much of the property as may be necessary.

ZANE, C. J., and EMERSON, J., concurred.