### HICKMAN v. TAYLOR et al.
### Civil Action No. 3511.

District Court, E. D. Pennsylvania.

July 30, 1945.

---

[1] Green v. Chicago, B. & Q. R. Co., 205 U.S. 530, 27 S.Ct. 595, 51 L.Ed. 916; Philadelphia & R. R. Co. v. McKibbin, 243 U.S. 264, 37 S.Ct. 280, 61 L.Ed. 710.

480

Freedman, Landy & Lorry, of Philadelphia, Pa., for plaintiff.

Shields, Clark, Brown & McCown, of Philadelphia, Pa., for Taylor & Anderson.

Guckes, Shrader & Burtt, of Philadelphia, Pa., for Baltimore & O. R. Co.

Before KIRKPATRICK, WELSH, KALODNER, BARD, and GANEY, District Judges.

KIRKPATRICK, District Judge.

The plaintiff's husband was one of five seamen who were drowned when the Tug "J. M. Taylor," capsized, on February 6, 1943. On November 26, 1943, she began this suit under the Jones Act, 46 U.S.C.A. § 688, to recover damages for his death, and thereafter filed 39 interrogatories, of which No. 38 is as follows:

"State whether any statements of the members of the crews of the Tugs 'J. M. Taylor' and 'Philadelphia' or of any other vessel were taken in connection with the towing of the car float and the sinking of the Tug 'John M. Taylor.' Attach hereto exact copies of all such statements if in writing, and if oral, set forth in detail the exact provisions of any such oral statements or reports."

The defendants Taylor & Anderson excepted to this interrogatory as "calling for privileged matter obtained in preparation for litigation."

Supplemental interrogatories, including a request for the production of "memoranda," and intended to elicit further informa-

tion about the statements, were also excepted to. Mr. Fortenbaugh, counsel for the defendants, Taylor & Anderson, then filed a written statement and later testified by deposition, fully disclosing how and for what purposes the statements were obtained, which statement of counsel and testimony were, by stipulation, made part of the record, as a fact basis for the Court's ruling upon the question raised by the exceptions.

The question is whether a party, under the circumstances of this case, should be required to produce written statements of certain witnesses and memoranda of oral statements of others, and to disclose the substance of certain oral statements, all statements having been made to the party's attorney. The defendant has made no point of the plaintiff's procedure by interrogatories under Federal Rules of Civil Procedure, rule 33, 28 U.S.C.A. following section 723c, and the propriety of the practice will therefore be assumed without deciding that question. The plaintiff might have elected to take depositions or, in the case of written statements and memoranda, to file a motion to produce under Rule 34. What is said in this opinion applies to all three forms of discovery.

The circumstances under which the statements were taken are as follows:

Taylor & Anderson is a partnership, operating seven tugs in and about the Port of Philadelphia. The partners were clients of Mr. Fortenbaugh's firm, which had been regularly representing them for a number of years though not upon any salary or general retainer basis. Taylor & Anderson had no claims department and no employees regularly charged with the duty of making investigations of any kind, their entire office force consisting of not more than three persons.

Four days after the accident both Taylor & Anderson and their insurance carriers got in touch with Mr. Fortenbaugh and requested him to "defend whatever litigation arose from the sinking in behalf of both the owners of the tug and the underwriters." Acting under this general instruction, Mr. Fortenbaugh interviewed the four surviving members of the crew, all employees of Taylor & Anderson, and took their written statements. Apparently these statements were taken immediately after a steamboat inspector's hearing on March 4 at which the witnesses had appeared and testified. The statements were signed on March 29. Subsequently he interviewed other persons believed to have some knowledge of various matters relating to the accident and in some cases made memoranda of what they told him.

At the time the written statements were taken the widow of one of the deceased seamen had been in direct communication with Mr. Fortenbaugh and the widow of another had employed counsel who had written him a letter. No representatives of the other three, including the plaintiff, had appeared or been in communication with the defendants. Thereafter settlements were effected with the representatives of three of the deceased seamen. No claim has ever been made by any representative of the fourth. The plaintiff brought this suit some eight months after the witnesses' statements had been obtained.

Discovery of the contents of statements made by witnesses to a party investigating an accident which may involve legal liability is a matter as to which the Rules give the trial court the widest discretion. It is, of course, proper and desirable that the Court should let parties and their counsel know what considerations are deemed material in exercising the discretion so given, but to convert such general statements into rigid limitations would result in creating opportunities for evasion and destroy flexibility, which is a vital feature of federal discovery procedure. The guiding principle is the broad conception of the Rules that discovery of all matters relevant to a suit should be allowed to the fullest extent consistent with the orderly and efficient functioning of the judicial process. The only limitation which can properly be placed upon the scope of such discovery is, as stated in National Bondholders Corporation v. McClintic, 4 Cir., 99 F.2d 595, 599, "with regard to the taking of depositions for discovery or otherwise a discretion is vested in the district judge to measurably control the otherwise freedom of the taking of depositions where 'for good cause shown' it will not, in the opinion of the district judge, promote the administration of justice in the particular case that they be taken."

In Stark v. American Dredging Co., 3 F. R.D. 300, 302, cited and relied on by the defendants, this Court denied a motion to order the production of statements of witnesses taken in preparation for trial. We do not regard that decision as laying down a hard and fast rule that statements obtained

for that purpose are privileged, or exempt from production for any other reason. The Court said: "The limitation remains subject to the general liberal spirit of the rule; and 'the amount of protection properly required against an undue invasion of privacy will rest largely on the discretion of the court.' " Insofar as the next sentence of the opinion, which reads "A request to produce statements of witnesses taken by the other party in preparation for trial 'should be predicated upon good cause shown,' " may be taken to cast upon the party seeking production of such statements the burden of showing exceptional or unusual circumstances, it is disapproved and the rule may be restated "Unless, under the circumstances of any particular case, the Court is satisfied that the administration of justice will be in some way impeded, discovery will be granted when asked."

 In the Stark case, supra, the Court, we think, made it clear that the mere fact that the statements bear upon the possible legal liability of a party does not render them unreachable when litigation ensues, and we may amplify by saying that even the fact that the chief purpose of taking them was to prepare for litigation does not do so. In the present case, however, it should be pointed out that there were compelling reasons for taking the statements of the survivors, entirely unconnected with any anticipated suits for damages. One of the defendants' vessels had capsized and sunk in an accident of so unusual a nature as to be almost unique. Five lives had been lost. Even had there been no thought of possible liability, we doubt that any firm or owners would have failed to make a thorough investigation to determine the cause of the disaster and in so doing to take statements of witnesses. Not only was it important to them to ascertain whether their vessel was in all respects seaworthy and whether any of their employees were in any way responsible for what happened, but general safety considerations and a due regard for their obligations to the public, as well as their own interest, in view of the possibility of unfounded or unfair criticism, demanded that the cause of the sinking be fully explored.

We think it proper to order the production of the written statements.

 The same considerations apply to the facts learned by the defendant and coming to it in the form of oral statements of witnesses obtained by the attorney in the course of investigation. So far as these statements contain matters of fact, as distinguished from opinion, material to the issues involved they should be disclosed.

 What has been said has to do with the Court's discretion. The question of privileged communications between attorney and client is another matter and is governed by rules of law. Of course, the Court may not, in exercising its discretion, transgress those rules. However, the mere fact that statements of third parties have been taken by an attorney does not of itself give rise to the privilege. In such case the lawyer is merely the medium through which his client becomes apprised of facts and his intention to transmit them to his client does not make the facts privileged from disclosure in answer to interrogatories. We think that none of the statements made by witnesses in the present case are protected by any rule relating to privileged communications between attorney and client.

 Insofar as the memoranda made by counsel consist of mere statements of fact made to him by witnesses they are in all respects equivalent to unsigned statements by the witnesses and are in no different category than the signed statements. In taking down what various witnesses told him about the case Mr. Fortenbaugh was acting primarily as an investigator. The liberal scope of discovery under the Rules displaces any concept of proprietary or quasi-proprietary interest which, under the prior practice, a party to a suit may have claimed in the fruits of his investigation. Of course, it may appear that the memoranda contain, in addition to facts, various matters which the plaintiff has no interest in or right to know. Discovery should not be abused to become an instrument for obtaining knowledge of the opponent's theories of the case or the opinions, impressions or the record of mental operations of his attorney. As was suggested in the Stark case, supra, freedom in preparation for trial of a disputed issue under our judicial system contributes to satisfactory results, and there cannot be such freedom without some assurance of privacy within reasonable limits. If Mr. Fortenbaugh's record of the oral statements made to him by witnesses also contain notations of mental impressions, opinions, legal theories or other collateral matter these memoranda should be submitted by him to the Court. The Court

will then direct disclosure to the opposite party of those portions of the memoranda containing statements of facts obtained from witnesses which it considers to be within the proper scope of discovery.

Defendant is directed to answer the 38th interrogatory, to produce the witnesses' written statements referred to in Mr. Fortenbaugh's statements to the Court, to state, in substance, any fact concerning this case which it learned through oral statements made by witnesses to Mr. Fortenbaugh whether or not included in his private memoranda, and to produce Mr. Fortenbaugh's memoranda containing statements of facts by witnesses or to submit these memoranda to the Court for determination of those portions which should be revealed to the opposing party.