### COGDILL v. TENNESSEE VALLEY AUTHORITY et al.

No. 914.

District Court, E. D. Tennessee, N. D.

July 10, 1947.

Kilgo & Armstrong, of Greeneville, Tenn., A. J. Hartman and Hodges & Doughty, all of Knoxville, Tenn., for plaintiff.

Joseph C. Swidler, Charles J. McCarthy and Benjamin H. Craig, all of Knoxville, Tenn., for defendants.

TAYLOR, District Judge.

This cause is before me on motion of plaintiff to amend the summons issued November 6, 1946, and the counterpart summons issued November 18, 1946, by deleting from the respective summons the figures "$15,000.00", and by inserting in lieu of said figures "$100,000.00"; also to amend her declaration filed in this cause by striking the wording "Fifteen Thousand ($15,000.00) Dollars" from the first, second and third counts thereof and by substituting in lieu of the averments stricken, and in each of the three respective counts the following words and figures, to wit: "One Hundred Thousand ($100,-000.00) Dollars", and the Court, in consideration of said motion, is pleased to and allows same.

The plaintiff, by her attorneys, also moved the Court in part two of her motion as follows: "That the Court enter an order requiring the defendant to produce and permit the inspection and copying or photographing, by or on behalf of the plaintiff, of all written statements obtained by it, from witnesses, in the course of its investigation of the accident wherein plaintiff was injured when struck by a truck operated by the defendant, and all photographs taken by or on behalf of the defendant in the course of its investigation of said accident, and all maps or diagrams made by, or on behalf of the defendant of the scene of the accident."

In support of part two of the motion, plaintiff and her attorneys have filed their separate affidavits for the purpose of showing the necessity of plaintiff for the information asked for, in order to prepare her case against the defendants. The defendants have objected to the granting of the motion, principally on the ground that the discovery asked for is comprised of material that is privileged and that plaintiff

has not shown sufficient reason why the privileged character of the material should be disregarded. · Both parties have filed briefs, in which each relies heavily on the case of Hickman v. Taylor et al., 329 U.S. 495, 67 S.Ct. 385, decided by the Supreme Court of the United States, January 13, 1947.

The controversial interrogatory in that case called upon the defendants to state whether statements had been taken from boat crewmen in connection with a tug boat accident, and to "attach hereto exact copies of all such statements if in writing, and if oral, set forth in detail the exact provisions of any such oral statements or reports." Supplemental interrogatories asked whether any oral or written statements, records, reports, or other memoranda had been made concerning the various activities relating to the accident. In the event of an affirmative answer, the defendants were requested to set forth the nature of all such records, reports, statements or other memoranda.

Three days after the accident, which involved the sinking of a tug owned by them, the defendants had employed an attorney to defend them against potential suits growing out of the accident and to sue the railroad company whose float had been involved in the accident. Response to the interrogatories would have required the attorney, without a showing of good cause or necessity on the part of the plaintiff, to make available to the plaintiff not only signed statements he might have obtained from witnesses, but also any memoranda he might have made as to oral statements of witnesses. It would also have required him to "set forth in detail the exact provisions of any such oral statements or reports." All this plaintiff asked as a matter of right, with no showing of any necessity therefor.

The District Court for the Eastern District of Pennsylvania ordered the attorney and defendants to comply with the requests and ordered them jailed for contempt for their refusal. The Third Circuit Court of Appeals, 153 F.2d 212, reversed the judgment of the District Court, 4 F.R.D. 479, and the Supreme Court affirmed the Circuit Court.

It appears from the foregoing that Hickman v. Taylor et al., is not directly in point in the present case. Here the plaintiff has not asked for discovery into privileged matters as a mere matter of right, but has shown by affidavits the necessity therefor. Nor has she asked for reproductions of oral statements, or for mental impressions of defendants' attorneys, but for permission to copy or photograph written statements in the control of the defendant. The reasoning of the Hickman case indicates that the decision was not based upon the privileged character of the material or upon the attorney-client relationship, but rather upon the unreasonableness of invading as a matter of right the "work product" of the attorney for the defendant, and of requiring him to reduce to writing for the plaintiff's convenience oral statements he had heard from witnesses, who might later testify at variance with what the attorney had predicted as to their testimony. The unfairness of the interrogatories in those respects, when addressed to the attorney as well as to the defendants, was so obvious that to allow them would have gone beyond the liberal objectives of the Rules.

No such unfairness is apparent here. The plaintiff has supported her motion by her own affidavit and by the affidavits of her attorneys, by way of showing good cause, as required by Federal Rules of Civil Procedure, rule 34, 28 U.S.C.A. following section 723c. Defendants have filed a counter-affidavit to the effect that a brother of the plaintiff was either present when plaintiff was injured or arrived a short time thereafter; that plaintiff's husband resided in the vicinity of the accident scene, and that plaintiff's attorneys are competent to investigate and prepare the case for trial.

The situation which presents itself to the mind's eye differs from that which defendants' affidavit suggests. Here was a woman, allegedly critically injured and at the time unconscious. Her relatives, if behaving with what may be assumed to be the normal behavior of close relatives in such painful circumstances, were concerned with her injuries and her care, rather than with a search for witnesses and

the preparation of evidence. On the other hand, it may be assumed that defendant driver of the truck which injured plaintiff was concerned with the possible consequences of the accident to himself and his employer, and that he, possibly under standing instructions, immediately reported the accident to his superiors, then proceeded to collect what information he found available for use in more extended investigations by other agents of his employer. The result of such contrasting situations, if found to exist in fact, would be to place the initial advantage in the acquisition of facts all on one side. There is an implication in Rules 26 to 37, and particularly Rule 34, that such an advantage is unfair and should not permanently prevail.

██ Defendants have further objected to plaintiff's motion on the ground of privilege arising from the relation of attorney and client, but without showing that the requested material is not within defendants' control. It should be clear from a reading of Hickman v. Taylor et al., that the Rules do not ipso facto recognize this sort of privilege, especially where it is not clear whether the client-attorney or the employer-employee relationship is dominant. It is conceivable that some material in an attorney's custody might be his own exclusive product and privileged under the holding of the above case, or that some material might by its nature be privileged, but this character would arise from the intrinsic nature of the material, not from an apparent attorney-client relationship. From the viewpoint of the Rules, this is a significant distinction. If defendants believe some of their material to be intrinsically privileged, they may rely upon the Court to determine whether that belief is justified. If they rely upon privilege arising from the relationship of attorney and client and a theory that the requested material is not within the absolute control of the defendant, that reliance is not well founded.

The defendants will comply with the requirements of Part two of the motion.

Plaintiff has also filed a set of 23 interrogatories. January 22, 1947, defendants filed answers to all the interrogatories ex-

cept Nos. 16, 17, 18, 19, 20, 21, and 22, to which they have interposed objections. The interrogatories objected to are as follows:

"16. When did the Tennessee Valley Authority first receive notice of the occurrence of this accident?

"17. Who received notice of the occurrence of this accident and in what manner was information conveyed to the Tennessee Valley Authority?

"18. After receiving notice of the occurrence of the accident wherein Ruby Cogdill was struck by a truck of the Tennessee Valley Authority on August 12, 1946, was an investigation made by the Tennessee Valley Authority of said accident?

"19. If your answer to the foregoing interrogatory is in the affirmative, state who made the investigation and the address of said person or persons.

"20. Please state the names and addresses of all witnesses whom you intend to use at the trial of this case.

"21. Will you attach as exhibits to these interrogatories copies, or photostatic copies, of all witnesses statements, photographs and other documentary evidence, that you have accumulated in your investigation of this case?

"22. If measurements were made of, or at the scene of the accident, of skid marks, width of the road, or any other matters, please attach a statement showing what these measurements were."

Having answered the remaining interrogatories, the defendants' counsel conclude: "The defendant Tennessee Valley Authority has heretofore, on January 16, 1947, filed objections to questions 16, 17, 18, 19, 20, 21, and 22 on the ground that each of said questions calls for the disclosure of privileged and confidential communications, information, documents, memoranda, and other material assembled by defendant's counsel in the course of their legal duties."

 It is not apparent how interrogatories 16, 17, 18, 19, and 22, come within the reasons for the objections. Even if the attorney-client relationship were inviolate under the Rules, it does not appear that

the information asked for here is such as would be obtainable peculiarly by attorneys, particularly in the light of the circumstances of this case. In a government agency, such as the Tennessee Valley Authority, large and extensively departmentalized, with a co-ordinator, or general manager, and a board of directors, it seems reasonable to suppose that no complex matter of information would be exclusively obtained by or become the exclusive property of a single department, but would be the achievement and the property of the over-all unit; that the members of the legal staff would not be free and independent attorneys in the usual sense, but, like the information in their files, subject to the beck and call of their employer, whom otherwise they call their client. The interrogatories are addressed to the parties, not to their attorneys, and can be responded to without infringing the trust inherent in a pure attorney-client relationship.

■ Interrogatory No. 20 is objectionable because, to wit: an obvious answer would be "We cannot know until the trial is under way." If it asks them to commit themselves in advance to use certain designated witnesses, all of them and none other, that would call for an act of dangerous imprudence, and it would not be fair to impose such a handicap. Coca Cola Co. v. Dixi-Cola Laboratories, Inc., D.C. Md.1939, 30 F.Supp. 275, 280.

■ Interrogatory No. 21 is objectionable, under the decision of Hickman v. Taylor et al., supra.

In consideration of the foregoing, defendants' objection to answering interrogatories Nos. 20 and 21 is sustained. Defendants' objection to answering interrogatories Nos. 16, 17, 18, 19, and 22 is overruled, and said interrogatories will be answered.

### Supplemental Memorandum.

In accordance with a memorandum decision of June 25, 1947, on June 30, 1947, an order was entered in this cause relative to motion and interrogatories of the plaintiff, and now the cause is again before the Court on motion of defendant for leave to file additional affidavits, and for rehearing and reconsideration as to so much of the Court's action as sustained Part Two of plaintiff's motion which Part Two was as follows: "That the Court enter an order requiring the defendant to produce and permit the inspection and copying or photographing, by or on behalf of the plaintiff, all written statements obtained by it, from witnesses, in the course of its investigation of the accident wherein plaintiff was injured when struck by a truck operated by the defendant, and all photographs taken by or on behalf of the defendant in the course of its investigation of said accident, and all maps or diagrams made by, or on behalf of the defendant of the scene of said accident."

Defendant's motion to the extent of granting leave to file the supplemental affidavits, is sustained.

■ The Court is particularly impressed by so much of the supplemental affidavits as tend to show that the status of counsel for defendant is that of autonomous attorneys and that there is not sufficient showing of necessity to require said attorneys to disclose to plaintiff the contents of their private file. As one of the affidavits discloses the names of all persons interviewed by defendant's counsel by way of preliminary investigation of the accident, this disclosure, we believe, removes the necessity that served as a basis for sustaining of plaintiff's motion as regards disclosure of written statements.

■ However, the Court is still of the opinion that, because of the circumstances of the accident and events immediately following, defendant was in an advantageous position to take photographs and make diagrams and maps, and that due regard for the requirements of justice requires that plaintiff be permitted to examine, and copy or photograph any photographs, maps, and diagrams defendant may have of the accident scene.

The Court, therefore, is pleased to and does sustain defendant's present motion to the extent herewith indicated, and an order will be prepared for entry modifying the order of June 30, 1947, in accordance with this supplemental memorandum.