**In re Morris B. WILKINS, Debtor.**

**PNC BANK, N.A., f/k/a Northeastern Bank of PA, Plaintiff,**

v.

**Morris B. WILKINS, Defendant.**

**In re Elliot WILKINS, Debtor.**

**PNC BANK, N.A., f/k/a Northeastern Bank of PA, Plaintiff,**

v.

**Elliot WILKINS, Defendant.**

**Bankruptcy Nos. 5–92–00078, 5–92–00079.
Adversary Nos. 5–92–00085, 5–92–00088.**

United States Bankruptcy Court,
M.D. Pennsylvania,
Wilkes–Barre Division.

July 11, 1997.

**8**

Robert C. Nowalis, Doran & Nowalis, Wilkes–Barre, PA, for debtors.

Karen Lee Turner, Philadelphia, PA, for PNC Bank.

### *OPINION AND ORDER* [1]

JOHN J. THOMAS, Bankruptcy Judge.

■ The Debtors filed a Joint Motion to Quash Subpoena Duces Tecum directed to the custodian of records of the law firm of Fellheimer, Eichen, Braverman & Kaskey claiming that a certain internal Memorandum

dated June 7, 1991 should not be subject to discovery because the document falls within the definition of a privileged document under both the attorney-client privilege and work-product privilege. The Plaintiffs position is succinctly summarized by the following premise. Regardless of whether the document falls within either of the two stated privileges, it nonetheless remains subject to discovery because it comports with the crime-fraud exception as recited in *Clark v. United States,* 289 U.S. 1, 53 S.Ct. 465, 77 L.Ed. 993 (1933). Furthermore, in rendering a decision as to whether or not the crime-fraud exception applies, this Court may conduct an in–camera review of the document as permitted by the dictates of *United States v. Zolin,* 491 U.S. 554, 109 S.Ct. 2619, 105 L.Ed.2d 469 (1989) and *Haines v. Liggett Group, Inc.,* 975 F.2d 81 (3rd Cir.1992).

Following oral argument on the Motion to Quash and for Protective Order, the Court, by Order dated May 14, 1997, required the law firm of Fellheimer, Eichen, Braverman & Kaskey to turn the document over to the Court under seal. The Order further specified the Court would view the document, in–camera, to determine whether it fell within the work-product and/or attorney-client privilege. If the document failed to qualify under either of those privileges, the Court would order turnover of the document. Alternatively, if the document did qualify under either privilege, then the Court would consider whether the opponent of the privilege met its burden in convincing this Court to revisit the document and determine whether the crime-fraud exception applied.

■ The preliminary issue is whether the document falls within the attorney-client privilege or the work-product doctrine. The Court finds that it falls within the work-product doctrine as that doctrine was described in the seminal case of *Hickman v. Taylor,* 4 F.R.D. 479 (E.D.Pa.1945), *rev'd* 153 F.2d 212 (3rd Cir.1945), *cert. denied* 327 U.S. 808, 66 S.Ct. 961, 90 L.Ed. 1032 (1946). Therefore, the document is not subject to disclosure under the discovery rules unless the Plaintiff can prove that the crime-fraud

---

1. Drafted with the assistance of Richard P. Rogers, Law Clerk.

exception applies. A successful effort would lift the prohibition against discovery.

■ The burden placed on the opponent of the privilege is presented in *Zolin*, 491 U.S. at 572, 109 S.Ct. at 2630–31, which provides as follows:

In fashioning a standard for determining when in– camera review is appropriate, we begin with the observation that "in–camera inspection ... is a smaller intrusion upon the confidentiality of the attorney-client relationship than is public disclosure." Fried, Too High a Price for Truth: The Exception to the Attorney–Client Privilege for Contemplated Crimes and Frauds, 64 N.C.L.Rev. 443, 467 (1986). We therefore conclude that a lesser evidentiary showing is needed to trigger in–camera review than is required ultimately to overcome the privilege. Ibid. The threshold we set, in other words, need not be a stringent one.

We think that the following standard strikes the correct balance. Before engaging in in–camera review to determine the applicability of the crime-fraud exception, "the judge should require a showing of a factual basis adequate to support a good faith belief by a reasonable person," *Caldwell v. District Court*, 644 P.2d 26, 33 (Colo.1982), that in–camera review of the materials may reveal evidence to establish the claim that the crime-fraud exception applies.

■ "It is the purpose of the crime-fraud exception to the attorney-client privilege to assure that the 'seal of secrecy,' ibid., between lawyer and client does not extend to communications 'made for the purpose of getting advice for the commission of a fraud' or crime." *Zolin*, 491 U.S. at 563, 109 S.Ct. at 2626, *citing Clark v. United States*, 289 U.S. 1, 15, 53 S.Ct. 465, 469, 77 L.Ed. 993 (1933) and *O'Rourke v. Darbishire*, [1920] A.C. 581,604 (P.C.).

■ The burden established by the *Zolin* court is not a stringent one and requires the Court to focus on possibilities rather than probabilities. Did the opponent of the privilege present a quantum of evidence to show a factual basis to support a good faith belief by a reasonable person that the in–camera review of the materials may reveal evidence to establish that the claim of crime-fraud exception applies?

■ The Complaint involves allegations by the Plaintiff that the Defendants/Debtors made misrepresentations to the Plaintiff to obtain millions of dollars in unsecured loans. Additionally, Plaintiff alleges many transfers were made by the Defendants during the year prior to the filing of their bankruptcy petitions with the intention to hinder, delay and/or defraud the Plaintiff and other creditors. Plaintiff argues that the Debtors testified at a § 341 hearing that they did not seek bankruptcy counsel until July of 1991 when the Memorandum in question dated June of 1991 indicates otherwise. Furthermore. contemporaneous with the issuance of the Memorandum in question, the Debtors, in June of 1991, began transferring substantial funds through the time of the filing of the petition. In support of those arguments, the Bank directed our attention to numerous documents submitted by the Defendants/Debtors as exhibits in opposition to the Bank's Motion for Summary Judgment. Undoubtedly, a review of the documents in support of the oral argument reflect the transfer of funds from certain of the Debtors' individual accounts to other accounts held by the Debtors and others. While the Court cautions the parties that it draws no conclusions as to the propriety of the transfers, it has determined that a review of the documents in conjunction with the timing of the visit to the Debtors' counsel and the date of the Memorandum are sufficient to meet the soft burden imposed by the *Zolin* court. As a result, the Court will revisit the document, in–camera, to determine whether the crime-fraud exception applies to the document.

Upon a second review of the June 1991 Memorandum, the Court finds that it is not a communication to aid in the purpose of getting advice or giving advice for the commission of a fraud or crime. Therefore, the Plaintiff has failed in its burden of establishing the crime-fraud exception to the work-product doctrine, and the Court will grant the Motion for Protective Order and Motion to Quash the Subpoena as it applies to the

June 1991 Memorandum to the Morris and Elliot Wilkins files.